IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50770
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OCTAVIO RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. P-00-CR-133-2-F

_____

September 27, 2001

Before GARWOOD, JONES and STEWART, Circuit Judges.

PER CURIAM:*

Octavio Rodriguez appeals his convictions for aiding and abetting the importation and possession with intent to distribute of cocaine. Appellant contends that the evidence was insufficient to sustain the convictions because the Government did not prove beyond a reasonable doubt that he knew of the cocaine concealed on the person of his codefendant and that he intended to import the

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine from Mexico into the United States for distribution. He argues that the evidence gives equal or nearly equal circumstantial support to a theory of innocence as well as to a theory of guilt.

The evidence was sufficient for the jury to conclude beyond a reasonable doubt that appellant aided and abetted the possession of cocaine with the intent to import and distribute it. *See United States v. Williams*, 985 F.2d 749, 753-54 (5th Cir. 1993); *United States v. Velgar-Vivero*, 8 F.3d 236, 241 (5th Cir. 1993). The evidence showed that Rodriguez and his codefendant passenger offered implausible and inconsistent statements to explain their trip to Mexico in Rodriguez's car and the subsequent discovery of cocaine concealed on the person of the codefendant. The jury could infer Rodriguez's guilty knowledge from these implausible explanations. *See United States v. Diaz-Carreon*, 915 F.2d 951, 954-55 (5th Cir. 1990). Witnesses testified to Rodriguez's unusual demeanor during the Customs inspection and nervousness and evasiveness during subsequent questioning; such testimony provides further evidence from which guilty knowledge may be inferred. *See United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998). A customs agent testified that the quantity of cocaine was consistent with an intent to distribute, and, in light of the evidence of Rodriguez's guilty knowledge, the evidence was sufficient to prove that Rodriguez knowingly assisted in importing the cocaine from Mexico to the United States. *See United States v.*

2

*Hernandez-Palacios*, 838 F.2d 1346, 1349 (5th Cir. 1988); *Velgar-Vivero*, 8 F.3d at 241. Although Rodriguez presented testimony supporting his theory of innocence, the jury was free to reject this testimony, as it is the sole province of the jury to determine the weight and credibility of the evidence. *United States v. Casilla*, 20 F.3d 600, 602 (5th Cir. 1994). Under these circumstances, it cannot be said that the evidence gives equal or nearly equal circumstantial support to guilt and to innocence. *See Ortega Reyna*, 148 F.3d at 543.

AFFIRMED.